**In re Charges of Unprofessional Conduct against LMN, an Attorney at Law of the State of Minnesota.**

No. C3–90–1273.

Supreme Court of Minnesota.

Dec. 28, 1990.

Richard J. Harden, Lovett & Assoc. Ltd., Minneapolis, for appellant.

William J. Wernz, St. Paul, for respondent.

PER CURIAM.

Since July 1, 1983, the Interest on Lawyers Trust Account (IOLTA) program has required attorneys to pool nominal and short-term client accounts into an interest-bearing trust account with the interest being paid to the Lawyers Trust Account Board. DR 9–103, Minnesota Code of Professional Responsibility; Rule 1.15(d), Minnesota Rules of Professional Conduct. An unanimous three-member panel of the Lawyers Professional Responsibility Board affirmed the director's private admonition of respondent pursuant to Rule 8(d)(2), Rules on Lawyers Professional Responsibility, for having failed to make a good faith effort to comply with the IOLTA program. The record supports the admonition and, accordingly, we affirm.

Though respondent opened an IOLTA account at a bank on May 18, 1984, none of the interest earned on this account was transferred to the Lawyers Trust Account Board from that date through October 31, 1989, and respondent failed to authorize payment of $3,700 in accrued interest until after issuance of the admonition on January 31, 1990. Respondent contends that he reasonably believed, based on communications from another law firm in January 1987 and February 1988, that the problems arising from the bank's inadvertent commingling of the IOLTA accounts of the two law firms had been corrected and that his IOLTA payments were being properly made. Like the Lawyers Professional Responsibility Board panel, we consider respondent's defense inadequate. If it was reasonable in 1987 and 1988 to believe that the bank's error had been corrected, that belief certainly was no longer reasonable after respondent had received notifications from the IOLTA Board in September 1988 and in February 1989 stating that the Board had never received any IOLTA interest payments, after another similar notification from the bank, and after several requests from the bank to sign forms authorizing the transfer of the interest. Moreover, over a period of almost five and one-half years respondent received monthly bank statements, each of which informed him that interest earned on his IOLTA account was not being transferred to the Lawyers Trust Account Board.

Admonition affirmed.